KLEINFELD, Senior Circuit Judge,
dissenting:
I respectfully dissent. Jakupi’s asylum application was untimely. The BIA did not *404 abuse its discretion by concluding that she did not show exceptional circumstances justifying her delay. See 8 C.F.R. § 208.4(a)(5)(v) (2005 ed.).
Jakupi never argued before the IJ that her application was due to “immigration consultant fraud.” See Viridiana v. Holder, 646 F,3d 1230 (9th Cir.2011). There is no evidence the consultant did or said anything to delay Jakupi from sending the application in on time. Rather, Jakupi said she thought her application would be turned in after her second meeting with the consultant. That meeting was well after the deadline had already passed. Here are the dates:
• March 24, 2004: Jakupi enters the United States.
• June 21, 2004: Jakupi submits a timely asylum application.
• July 26, 2004: Application returned as incomplete.
• January 26, 2005: Jakupi consults an immigration consultant.
• June 26, 2005: Jakupi meets for the second time with the consultant.
• August 15, 2005: Asylum application completed.
Thus she did not see her immigration consultant for six months after being notified that her application was incomplete. Her completed application was not filed for more than a year after she was notified that it was incomplete. She did not file a complete application until five months after the one year deadline.
I would also affirm the BIA’s denial of Jakupi’s withholding claim as supported by substantial evidence.